**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Lory Konstantino and Arthur Konstantino,** | : |
| | : **Civil Action No.: _____** |
| **Plaintiffs,** | : |
| **v.** | : |
| | : **COMPLAINT** |
| **Empire Resolutions Group, LLC; and DOES 1-10, inclusive,** | : |
| | : **August 5, 2016** |
| **Defendants.** | : |

   For this Complaint, Plaintiffs, Lory Konstantino and Arthur Konstantino, by undersigned counsel, state as follows:

## JURISDICTION

   1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

   2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

   3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

   4.  Plaintiff, Lory Konstantino ("Lory"), is an adult individual residing in West Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

   5.  Plaintiff, Arthur Konstantino ("Arthur", and together with Lory, "Plaintiffs"), is an adult individual residing in Williston, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Defendant Empire Resolutions Group, LLC ("ERG"), is a business entity located in Amherst, New York, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by ERG and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      ERG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9.      Lory allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to ERG for collection, or ERG was employed by the Creditor to collect the Debt.

12.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ERG Engages in Harassment and Abusive Tactics

13.     In or around January 2016, ERG began calling Arthur in an attempt to collect the Debt from Lory.

14.     At one time Arthur and Lory were married, but they have been divorced for over twenty (20) years.

2

15.     On or about January 15, 2016, ERG told Arthur that if he provided ERG with Lory's date of birth, ERG would be able to discuss the Debt with him.

16.     In response, Arthur told ERG that he refused to disclose Lory's personal information and requested that ERG cease calling him because she could not be reached at his number.

17.     Nevertheless, ERG continued to call Arthur in an attempt to collect the Debt.

18.     On one occasion, ERG called Arthur four times in a two minute period.

C.  **Plaintiffs Suffered Actual Damages**

19.     Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

20.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

21.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Arthur for a purpose other than to confirm or correct location information.

23.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Arthur about the Debt.

3

24.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Arthur in telephone conversations with the intent to annoy and harass Arthur.

26.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

27.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

28.     Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, et seq.

29.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

31.     Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

32.     Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

4

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);**

2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);**

3. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);**

4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

5. **Punitive damages; and**

6. **Such other and further relief as may be just and proper.**

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: August 5, 2016**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg_____**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiffs**